UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Khalil K. Elahi, Sr.,

        Plaintiff,

vs.                       REPORT AND RECOMMENDATION

David Rydeen and
D. Quest,

        Defendants.       Civ. No. 05-2236 (RHK/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff Khalil K Elahi, Sr., for leave to proceed in forma pauperis, ("IFP"). See Docket No. 2. For the reasons which follow, we recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed.

## II. Factual and Procedural Background

The Plaintiff's lawsuit stems from an accident that occurred on or about September 27, 2004, while he was serving a State prison sentence at the Minnesota Correctional Facility in Lino Lakes, Minnesota.[1] The Plaintiff alleges that he sat down on a stool that was attached to a desk, and the desk "flipped [him] backwards," causing him to land on the floor. He further alleges that he "was directly ordered 40 minutes later to get up off of the floor and proceed to Health Services."

Based on these meager allegations, alone, the Plaintiff is now attempting to sue two individuals who apparently were employed at the prison at the time of his accident. He is attempting to sue the Defendant David Rydeen ("Rydeen"), who he identifies as the "director of maintenance," "for responsibilities failed to secure a pre-installed sitting desk for safety of inmates." He is also attempting to sue the Defendant D. Quest ("Quest"), who is a registered nurse, "for responsibilities failed to assist in urgency exercising procedure in treating possible neck and back injuries and administering a neck brace."

The Complaint does not mention any legal principle or theory on which the Plaintiff's action is based, nor does the Complaint describe any specific injury for

---

[1] It appears that the Plaintiff was released from prison shortly before he commenced this action.

which the Plaintiff might be entitled to relief.  Nevertheless, the Plaintiff is "asking the court to consider ruling in [his] favor, punitive and monetary damages and any other release [sic] the court sees fit."

### III.  Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that is "frivolous," or fails to state a claim upon which relief can be granted. Title 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996).  Here, we find that, even with the benefit of an indulgent construction, the Plaintiff's pleading fails to state a legally cognizable cause of action, because the Plaintiff has not identified any legal basis for his lawsuit.

Since the Complaint does not mention any specific legal theory or principle on which the Plaintiff's claims against the Defendants are based, we can only speculate about the possible legal basis for the action.  It appears most likely that the Plaintiff is attempting to sue the Defendants based on a common law negligence theory.  He apparently believes that Rydeen somehow failed to properly maintain the stool and desk that were involved in his accident, and therefore, that Rydeen should be held liable for whatever injury the Plaintiff may have sustained from the accident.  The Plaintiff also apparently believes that Quest somehow failed to properly treat some

"possible neck and back injuries," that the Plaintiff may have sustained as a result of the accident. Evidently, the Plaintiff thinks that both of the Defendants owed him some duty of care, and that they negligently failed to perform their respective duties.

While the Plaintiff might be able to sue the Defendants for negligence in a State Court, he cannot do so in Federal Court, because negligence is a state common law cause of action, sounding in tort, that does not give rise to Federal subject matter jurisdiction.[2] Moreover, it plainly appears that the Plaintiff, and both Defendants, are residents of the same State -- namely Minnesota -- so the Plaintiff cannot bring this action in Federal Court under diversity of citizenship jurisdiction. See <u>Title 28 U.S.C. §1332</u>. In short, the Plaintiff apparently is attempting to sue the Defendants for negligence, and he simply cannot do so in Federal Court, in the absence of Federal jurisdiction.

We have also considered the possibility that the Plaintiff might be trying to sue the Defendants under some theory based on Federal Law or the Constitution -- perhaps, for example, a civil rights action under Title 42 U.S.C. §1983. However, the

---

[2] Needless to say, we do not mean to suggest that the Plaintiff has actually pled an actionable common law negligence claim. Indeed, if the Plaintiff had filed his current Complaint in State Court, it probably could not survive a Motion to Dismiss, given the paucity of factual allegations.

Complaint makes no reference to Federal law or to the Constitution and, more importantly, the factual allegations of the Complaint simply do not support any discernible Federal claim.

As we have already noted, it plainly appears that the Plaintiff is attempting to sue both of the named Defendants for allegedly breaching some unspecified duty of care that they allegedly owed to the Plaintiff, which is a negligence claim. It is well-settled, however, that State officials cannot be sued, under Section 1983, for negligence. Daniels v. Williams, 474 U.S. 327, 330-33 (1986)(negligent injury to prisoner by prison officials is not actionable under Section 1983). Nor does the Plaintiff allege any Eighth Amendment deprivation of medical treatment so as to state a constitutional claim. See Rule 8(a), Federal Rules of Civil Procedure ("A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment, for the relief the pleader seeks."). Thus, the allegations in the Plaintiff's Complaint will not support a Section 1983 cause of action.

Accordingly, we conclude that the Plaintiff's Complaint fails to state any actionable claim for relief against the named Defendants that can be brought in Federal Court. Therefore, we recommend that the Plaintiff's IFP application be denied, and that this action be summarily dismissed, but without prejudice, pursuant to Section 1915(e)(2)(B)(ii).

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Application to Proceed In Forma Pauperis [Docket No. 2] be denied.

2. That this action be summarily dismissed, but without prejudice, pursuant to Title 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: October 6, 2005                s/Raymond L. Erickson

                                      Raymond L. Erickson
                                      CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c), any party may object to this Report and Recommendation by

filing with the Clerk of Court, and by serving upon all parties **by no later than October 25, 2005**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 25, 2005**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.